**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

CORY HONEYCUTT
                **Plaintiff,**

v.

                                **Case No. 25-CV-08-RAW**

WAGONER COUNTY SHERIFF'S
OFFICE, and
CHRIS ELLIOT, in his official capacity
and individually,

                **Defendant,**

**<u>ORDER</u>**

Before the court is the Motion to Dismiss and Brief in Support of Defendant Chris Elliot, in his Official Capacity [Dkt. No. 9]. Because an amendment of the Complaint would not be futile, the Motion is DENIED.

The present case arises out of the arrest of Cory Honeycutt on July 7, 2024. When Mr. Honeycutt was arrested, he informed the Deputies and Sheriff Elliot that he had a medical condition that required him to take a prescription medication twice a day or else he would suffer seizures. Amended Complaint, Dkt. No. 2-6. The arresting deputies bagged up his medication and told the Plaintiff that it would be taken to jail. While he was at the jail, the Plaintiff asked several times for his medication. He also told the jail staff that he would need to sleep on a bottom bunk because he is a fall risk. The jail staff refused to give the Plaintiff his medicine and told him that he would have to ask another inmate to switch beds with him. After the jail staff refused several requests for medication, the Plaintiff, while sleeping on the top bunk seized in the middle of the night, fell from the bed, and sustained injuries. *Id.* Subsequently the Plaintiff filed the instant suit alleging a violation of the Oklahoma Open Records Act and a violation of the Plaintiff's

1

Constitutional rights which was removed to federal court by the Defendant pursuant to 28 U.S.C.§ 1331. Plaintiff amended his complaint once, as a matter of right, before the Defendants had removed this case to state court or filed a responsive pleading. Defendant Chris Elliot now seeks dismissal pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim.

For purposes of the motion to dismiss, the court accepts as true all well-pleaded facts in the Amended Complaint and construes those facts in the light most favorable to Plaintiff. *Western Watersheds Project* v. *Michael,* 869 F.3d 1189, 1193 (10th Cir. 2017).  Of course, the court does not accept as true conclusory statements or legal conclusions. *Ashcroft* v. Iqbal, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007)).  To survive the motion to dismiss, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Plaintiffs must nudge their "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

First, we will address the Plaintiff's tort claims.  Defendant Chris Elliot argues that the Plaintiff fails to plead an actionable tort claim because he did not comply with the Oklahoma Governmental Tort Claims Act and that he fails to state a claim under 42 U.S.C. §1983. The Plaintiff states several times in his responsive briefing that he is not asserting any tort claims and is therefore not subject to the Oklahoma Government Tort Claims Act ("OGTCA").  For instance, he insists that he "has not alleged a tort claim, negligence or otherwise." Dkt. No. 12 at 8. Instead, he claims that he is only bringing claims pursuant to the Oklahoma Open Records Act and 42 U.S.C. § 1983. *Id*.  Confusingly, Plaintiff also argues that he did comply with the OGTCA and

submits what purports to be the tort claim he submitted in compliance with that Act. *See* Tort Claim Dkt. No. 12-6.

It is unclear given Plaintiff's insistence that he is not bringing any tort claims whether he is aware that a § 1983 claim creates a species of tort liability, with damages determined "according to principles derived from the common law of torts." *Memphis Cmty. Sch. Dist.* v. *Stachura*, 477 U.S. 299, 306, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986). The Amended Complaint alleges a "failure to provide medical care" and a deliberate indifference to his serious medical needs. Dkt. No. 2-6 p. 7. It is unclear whether the Plaintiff is alleging these facts to support a claim under 42 U.S.C. § 1983 or under the OGTCA and is now simply abandoning his state law claims. At times, it is unclear whether the Plaintiff also abandons his purported § 1983 claim.  The Plaintiff does not explain his intention and instead devotes almost the entirety of his briefing to his arguments about the OORA.

Even if the court ignores the Plaintiff's confusing denials of pleading any tort claim, the Plaintiff's § 1983 claim is defective.  This statute does not create rights. It is a vehicle for enforcing rights. *Baker* v. *McCollan,* 443 U.S. 137, 144 n.3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Nowhere in the First Amended Complaint does the Plaintiff identify which constitutional right was violated. He merely repeats that the jail's conduct was "unconstitutional" and that he was deprived of a "constitutionally" adequate medical and mental health care. Dkt. No. 2-6 at 3. The Amended Complaint alleges a "failure to provide medical care" and a deliberate indifference to his serious medical needs. Dkt. No. 2-6 p. 7. Plaintiff fails to identify what right was violated. He alleges that he was "effectively denied constitutional convictions of confinement" and states that the Sheriff was responsible for maintaining an unconstitutional health care delivery system. Dkt. No. 2-6 at 3.  Again, it is also unclear whether he is alleging these facts in support of a claim for deliberate

indifference under the OGTCA. Because the Plaintiff fails to specify what constitutional right was violated by the alleged deprivation of adequate medical care, he has failed to state a claim under 42 U.S.C. § 1983.

The remaining claim in the Amended Petition is the alleged violation of the Oklahoma Open Records Act. Because it is unclear at this stage whether the Plaintiff will be able to plead a claim arising under federal law, or even whether he intends to, the court will defer ruling on this claim. The alleged violation of the OORA arises under Oklahoma law and if the Plaintiff fails to state a claim arising under federal law, then the proper course of action is to remand the OORA claim to state court. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch* v. *City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). Thus, the court will defer ruling on this issue until it is clear that jurisdiction is proper.

Even though the Plaintiff failed to state a claim pursuant to 42 U.S.C. § 1983 or another tort claim, leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, the trial court may deny leave to amend where amendment would be futile. *Grossman* v. *Novell, Inc.,* 120 F.3d 1112, 1126 (10th Cir. 1997). While the Plaintiff failed to state a claim and does not request leave to amend his petition, the factual allegations in the Amended Complaint suggest that amendment would not be futile. Therefore, the Motion to Dismiss is hereby DENIED, and the Plaintiff is granted leave to amend his Complaint within twenty eight (28) days.

**IT IS SO ORDERED** this 30th day of March, 2026.

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**